UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TASHA T. TAYLOR, | ) | CASE NO. 1:23-CV-02153 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| HOME DEPOT COMPANY AT STORE | ) | **MEMORANDUM OPINION** |
| #3804, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court are the parties' cross motions for summary judgment. (Docs. 65, 70, 71.) Also before the Court is Defendant American Honda Motor Co., Inc.'s ("Honda") Motion to Strike Plaintiff's Report About Financial Damages and to Bar Plaintiff's Future Lost Income Claim (Doc. 74), Plaintiff Tasha T. Taylor's ("Taylor") Request for a Ten-Day Extension of Time to Comply with the Court's Recent Order (Doc. 75), Defendant Home Depot U.S.A., Inc.'s ("Home Depot") Motion to Strike Plaintiff's Affidavit (Doc. 81), Honda's Motion to Strike Plaintiff's Sur-Reply Brief (Doc. 89), and Taylor's Motion for Leave of Court to File Her Sur-Reply Brief (Doc. 90). All motions are fully briefed and ripe for decision.

For the reasons stated herein, Taylor's Motion for Summary Judgment (Doc. 65) is DENIED. Honda's Motion for Summary Judgment (Doc. 70) and Home Depot's Motion for Summary Judgment (Doc. 71) are GRANTED. Honda's Motion to Strike Plaintiff's Report About Financial Damages and to Bar Plaintiff's Future Lost Income Claim (Doc. 74) is GRANTED in part. Taylor's Request for a Ten-Day Extension of Time to Comply with the Court's Recent Order (Doc. 75) is DENIED. Home Depot's Motion to Strike Plaintiff's

Affidavit (Doc. 81) is DENIED as moot.  Honda's Motion to Strike Plaintiff's Sur-Reply Brief

(Doc. 89) is DENIED as moot, and Taylor's Motion for Leave of Court to File Her Sur-Reply

Brief (Doc. 90) is DENIED.

## I.    BACKGROUND

### A.    Factual Background

Taylor intended to plant rose bushes for her mother, Rhonda Earley.  (Doc 67-1 (Taylor

Dep.) at 901.)[1]  Earley, accompanied by Taylor, rented an auger at the Maple Heights Home

Depot on April 24, 2022.  (*Id.* at 879-80.)  The Maple Heights Home Depot, or Home Depot

Company at Store #3804, is operated by Home Depot U.S.A., Inc. (collectively "Home Depot").

(*See* Doc. 6 at ¶ 2.)  Upon renting the auger, Taylor received a receipt that listed Earley as the

customer.  (Doc. 67-1 at 889-90; *see also* Doc. 65-1 at 510.)  The receipt also included a website

link directing her to learn how to safely operate it.  (*Id.*)  Taylor did not visit the site, but she did

review a twenty-page packet with basic safety rules and instructions provided with the rental

paperwork.  (Doc. 67-1 at 890-93; Doc. 65-1 at 512.)  She claimed she did not receive an

operating manual for the auger.  (Doc. 67-1 at 906-08.)  At the time of rental, no portion of the

auger appeared broken or defective.  (*Id.* at 898-99.)  Taylor did not know what type of

inspection Home Depot did on the auger before it was rented and was not aware of Home

Depot's inspection protocols or procedures.  (*Id.* at 969.)

Taylor assembled the auger, started it, placed it over a marked spot intended for a rose

bush, and drove the auger approximately twelve inches into the ground.  (*Id.* at 903.)  She

claimed she pulled the blade up from the bottom of the hole, then put the bit back down two to

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document
and PageID# rather than any internal pagination.

three inches into the soil. (*Id.* at 917-18.) The blade had stopped because the auger was "coming back to neutral," but that the top kept going. (*Id.* at 903, 905.) Taylor was holding onto the handle on the top of the auger, and while it was spinning, it threw her through the air across a six to eight-foot driveway and into a neighbor's yard. (*Id.* at 914, 919-920.) She never investigated the soil conditions present at or below the three inches of soil where the bit was lodged. (*Id.* at 918-19.) The auger continued to run until it ran out of gas. (*Id.* at 908.) Taylor did not have any indication the auger was malfunctioning until she was thrown. (*Id.* at 968-69.) She did not observe any part of the auger that was broken, out of specification, cracked, or had wires that were not connected. (*Id.* at 923-24.)

Taylor believed her injury was not because of kick-back. (*Id.* at 996.) But she admitted her injury could be consistent with kick-back. (*Id.* at 996-97.) She acknowledged kick-back can occur if an auger hits a rock or debris and gets stuck on something like a vine, rock, or root, and kick-back can cause a person to be thrown if the blade stops and the top keeps going. (*Id.* at 995-96). She further admitted kick-back is a known risk of using an auger and can occur even when the auger is properly operated. (*Id.* at 997-98.)

Taylor believed the auger was manufactured by Honda because the word "Honda" appeared on its engine. (*Id.* at 898.) In response to written discovery, Honda maintained it distributes engines through a network of authorized distributors. (*See* Doc. 70-3 at 1207-08, *id.* at No. 23.) Honda did not design, test, manufacture, distribute, rent, or sell the auger. (*Id.*) The auger was believed to be supplied by General Equipment Company. (*See* Doc. 70-4 at No. 2; Doc. 70-5 at No. 23.)

When Taylor rented and returned the auger to Home Depot's store, she did not record the serial number of the auger or its engine component. (*See* Doc. 67-1 at 1016-17.) On May 19,

2022, twenty-five (25) days after Taylor rented the auger, and again on August 3, 2022, one hundred and one (101) days after she rented the auger, Taylor returned to the Home Depot store and took photographs of an auger.  (*Id.* at 947-50, 1011-25.)  Taylor believed the auger in the post-incident photographs was the auger at issue because it was red.  (*Id.* at 948-49.)  However, Taylor did not know how many augers were rented from Home Depot prior to or on April 24, 2022.  (*Id.* at 949.)  Taylor could not provide the complete serial number for the auger.  (*Id.* at 1016-17, 1021-25.)  She was only able to identify six digits of the serial number because the seventh digit was blocked by the gas tank.  (*Id.* at 1025.)

## B.  Procedural History

In September 2023, Taylor initiated this action against Home Depot in the Cuyahoga County Court of Common Pleas.  (*See* Doc. 1-3.)  In December 2023, Home Depot removed the action to this Court.  (*See* Docs. 1, 2.)  In January 2024, Taylor filed an Amended Complaint and added Honda as a defendant.  (Doc. 10.)  The Amended Complaint brings three causes of action: (1) Negligence (against Home Depot and Honda); (2) Violation of the Ohio Consumer Sales Practices Act (against Home Depot); and Spoliation (against Home Depot).  (*Id.* at 71-76.)

On February 26, 2024, the Court entered its Case Management Order.  (Doc. 15.)  On June 13, 2024, the Court granted the parties' joint request to amend the case schedule and set the following deadlines: expert reports for the party bearing the burden of proof; 1/21/2025; responsive expert reports: 2/27/2025; non-expert and expert discovery: 4/15/2025; and dispositive motions: 5/16/2025.  (Doc. 35; 6/13/2024 Non-Document Order.)

Prior to the close of discovery, Taylor filed several motions that were denied for failure to comply with the Local Rules and the Court's orders.  (*See* Doc. 37; 6/13/2024 Non-Document Order; Doc. 39; Doc. 43; 8/20/2024 Non-Document Order; 8/20/2024 Minutes of Proceedings; Doc. 46; 2/6/2025 Non-Document Order.)

On February 6, 2025, the Court denied Taylor's Motion for Spoliation Sanctions without prejudice and noted the motion appeared to contain discovery disputes that failed to comply with Local Rule 37.1.  (2/6/2025 Non-Document Order.)  The Court further ordered the deadline for properly raised discovery disputes was April 15, 2025, and the deadline to file another motion for sanctions was April 21, 2025.  (*Id.*)

On March 3, 2025, the Court held a telephonic status conference.  (3/3/2025 Minute Order.)  Taylor's counsel failed to submit a joint status report in advance of the hearing.  (*Id.*)  The Court stated counsel must comply with all Local Rules and Orders and warned failure to do so could result in dismissal and/or contempt proceedings.  (*Id.*)  Taylor's counsel also acknowledged no expert report was submitted by the previously stated January 21, 2025 deadline.  (*Id.*)

On May 8, 2025, the Court held an in-person status conference to address purported discovery disputes.  (5/8/2025 Minute Order.)  The Court determined Taylor had not complied with Local Rule 37.1 with respect to certain disputes.  (*Id.*)  The Court ordered Taylor to produce any outstanding medical records by May 12, 2025.  (*Id.*)  The Court also ordered Taylor to provide her damages calculations and all supporting records pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii) by May 13, 2025.  (*Id.*)  The Court advised Taylor that failure to timely provide supplemental responses, medical records, and financial information would result in those documents being inadmissible during motions practice and at trial.  (*Id.*)

On May 9, 2025, Taylor moved for summary judgment against Home Depot.  (Doc. 65.)  Home Depot responded (Doc. 80), but Taylor did not submit a reply.  Home Depot further moved to strike Taylor's affidavit attached to her summary judgment motion.  (Doc. 81.)  Home Depot's Motion to Strike is fully briefed.  (Docs. 84, 85.)

On May 9, 2025, Taylor also filed another Motion for Spoliation Sanctions.  (Doc. 66.) The Court denied it as untimely for Taylor's failure to comply with the April 21, 2025 deadline. (6/6/2025 Non-Document Order.)

On May 16, 2025, Taylor filed a "Status Report" pursuant to Rule 26(a)(1)(A)(iii) about her financial damages.  (Doc. 69.)  On May 27, 2025, Honda moved to strike the status report as untimely.  (Doc. 74.)  Honda's Motion to Strike was fully briefed.  (Docs. 76, 79.)  On May 29, 2025, Taylor moved for an extension of the Court's May 13, 2025 deadline.  (Doc. 75.)  Honda opposed the extension.  (Doc. 78.)

On May 16, 2025, Honda moved for summary judgment.  (Doc. 70.)  The motion was fully briefed.  (Docs. 82, 86.)  On July 3, 2025, Taylor filed a sur-reply brief to Honda's Motion for Summary Judgment.  (Doc. 88.)  On July 8, 2025, Honda moved to strike Taylor's sur-reply brief.  (Doc. 89.)  On July 11, 2025, Taylor moved for leave to file her sur-reply brief.  (Doc. 90.) Honda opposed the Motion for Leave.  (Doc. 91.)

On May 16, 2025, Home Depot also moved for summary judgment.  (Doc. 71.)  The motion was fully briefed.  (Docs. 83, 87.)

## II.     MOTION TO STRIKE DAMAGES REPORT AND BAR FUTURE LOST INCOME CLAIM

Pursuant to Rule 26(a)(1)(A)(iii), Taylor was required to disclose "a computation of each category of damages claimed" and must make available for inspection "the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]"  FED. R. CIV. P. 26(a)(1)(A)(iii).  The Court specifically ordered Taylor to provide these damages calculations and supporting documents by May 13, 2025, and warned of the consequences for timely failing to do so.  (5/8/2025 Minute Order.)

"Rule 37(b)(2) provides for the imposition of sanctions for the failure to obey a court order to produce or permit discovery." *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 500 (N.D. Ohio 2013).  Under Rule 37(b)(2)(A), the Court may impose the following sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A)(i)-(vii).  The Court may "strike an affidavit or other document" under Rule 37(c)(1) "due to a party's failure to supplement Rule 26 information . . . unless the party's failure to comply with discovery rules 'was substantially justified or is harmless.'" *Emmanuel v. Cnty. of Wayne*, 652 F. App'x 417, 424 (6th Cir. 2016) (citing FED. R. CIV. P. 37(c)(1)).  Courts look to five factors in determining when a failure to comply was substantially justified or harmless: (1) the surprise to the opposing party; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt trial; (4) the importance of the evidence; and (5) the party's explanation for nondisclosure or late disclosure.  *See Howe v. City of Akron*, 801 F.3d 718, 747-48 (6th Cir. 2015) (citations omitted).

Under Rule 37(b)(2)(A)(ii), Courts have prohibited a party from pursuing certain damages where the party failed to provide supporting discovery in violation of a court order.  *See Champion Foodservice, LLC v. Vista Food Exch., Inc.*, No. 13-cv-1195, 2016 U.S. Dist. LEXIS

112980, 2016 WL 4468000, at *20-21 (N.D. Ohio Aug. 23, 2016) (excluding evidence of plaintiff's lost profits based on plaintiff's failure to comply with court's discovery order; although plaintiff provided some damages information, plaintiff failed to fully respond to discovery requests on lost profits); *Karlik v. Colvin*, No. 12-CV-14879, 2014 U.S. Dist. LEXIS 68841, 2014 WL 2095352, at *2 (E.D. Mich. May 20, 2014) (excluding medical-based damages evidence at trial where plaintiff failed to comply with court order to provide medical release, even though plaintiff provided some medical documents).

"Instead of or in addition to" the sanctions under Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

At the May 8, 2025, in-person discovery conference, the Court ordered Taylor to comply with long-outstanding discovery requests, including the production of damages information pursuant to Rule 26(a)(1)(A)(iii).  The agreed-upon deadline was May 13, 2025.  (5/8/2025 Minute Order.)  Taylor was advised that failure to comply with the deadlines set on May 8, 2025, would result in sanctions up to and including the inadmissibility of records during motion practice and at trial.  (*Id.*)

On May 16, 2025, Taylor filed a "Status Report" regarding her financial damages.  (Doc. 69.)  On May 27, 2025, Honda moved to strike this "Status Report" and bar Taylor's future lost income claim under Rule 37(b)(2)(A) because the report was the first communication it received since May 8, 2025, about Taylor's damages.  (Doc. 74.)  Meaning, Taylor had not complied with the Court's May 13, 2025 deadline.  Honda also requested attorneys' fees and costs in bringing the motion to strike pursuant to Rule 37(b)(2)(C).  (*Id.*)

On May 29, 2025, Taylor moved the Court to extend the expired May 13, 2025 deadline to produce damages information until May 23, 2025.  (Doc. 75.)  In support, Taylor stated she "made a good faith effort to comply with the Court's discovery order."  (*Id.*)  Taylor also opposed Honda's motion to strike.  (Doc. 76.)  Taylor asserted her hospital medical expenses and Amazon payroll records were previously provided to Honda; Honda has not suffered any harm due to her "3 day brief delay in filing" her damages report; her future lost income claim was not part of the Court's order; Honda failed to comply with Local Rule 37.1; and Honda's motion was filed after the May 16, 2025 deadline.  (*Id.* at 1367-68.)

On June 5, 2025, Honda opposed Taylor's request for an extension (Doc. 78) and replied in support of its motion to strike (Doc. 79) with several arguments.[2]  First, Taylor failed to demonstrate excusable neglect, which Rule 6(b)(1)(B) requires when a deadline has passed with no court-approved extension of time.  (Doc. 78 at 1388-90.)  Next, Taylor's prior production of some records did not excuse her failure to comply with the Court's order.  (Doc. 79 at 1403.)  Her prior production of medical records was incomplete and contained discrepancies.  (*See* 5/8/2025 Minute Order.)  She failed to timely supplement.  (*Id.*)  Honda was also entitled to a computation of each category of damages.  Taylor untimely disclosed $78,123.08 in medical expenses.  (*Id.*; Doc. 79. at 1403.)  Taylor further failed to provide any computations specific to lost earnings or future earning potential despite Honda's repeated requests for same.  (Doc. 79 at 1403-04.)  At bottom, Honda was prejudiced by Taylor's delays and failures to respond.  It will suffer additional prejudice if forced to defend against damages it did not have an opportunity to evaluate during discovery.  (*Id.* at 1404-05.)  Honda should receive its attorneys' fees in bringing

---

[2] Honda complied with Local Rule 37.1 when the parties met and conferred via video conference on May 23, 2025.  (Doc. 79 at 1405.)

its motion to strike. (*Id.*) And the May 16, 2025 deadline for dispositive motions is inapplicable. (*Id.* at 1405.)

As to Taylor's requested extension, under this Court's Initial Standing Order, "[m]otions to continue or extend deadlines for submissions, discovery, or dispositive motions submitted after the deadline has passed will be denied unless the requesting party can show excusable neglect." (Doc. 5 at 35.) Taylor did not move the Court for relief from the May 8, 2025 Order, not on or before May 13, 2025, and not even contemporaneously with the May 16, 2025 "Status Report." Taylor did not seek relief until Honda moved the Court to address her noncompliance with the Court's May 8, 2025 Order. And the motion she did file did not provide a basis for the Court to conclude her non-compliance was the result of excusable neglect. *See* FED. R. CIV. P. 6(b)(1)(B). Taylor's Request for a Ten-Day Extension of Time to Comply with the Court's Recent Order (Doc. 75) is denied.

As to Honda's motion to strike, Taylor's untimely submission of financial damages will not be considered for purposes of evaluating the parties' dispositive motions.[3] FED. R. CIV. P. 37(b)(2)(A)(ii). Taylor cannot present, rely on, or cite to this evidence. (*Id.*) Likewise, the information will not be available to her at trial. (*Id.*) Taylor is also barred from presenting evidence of future lost income. (*Id.*) Taylor violated the Court's clear order to provide outstanding medical records by May 12, 2025, and to produce outstanding medical records to provide her damages calculation and all supporting records, including medical records and financial information, by May 13, 2025. (5/8/2025 Minute Order.) Any computation of lost earnings or future earning capacity required to support her future lost income claim falls squarely within this order. (*Id.*) Taylor was warned those documents would be inadmissible during

---

[3] The May 16, 2025 dispositive motion deadline does not apply.

motion practice and at trial if she failed to comply.  (*Id.*)  That she may have produced some underlying documentation does not change the result.  *See Champion Foodservice, LLC*, 2016 WL 4468000, at *20-21; *Karlik*, 2014 WL 2095352, at *2.  Her initial production was incomplete under Rule 26.  (*See* 5/8/2025 Minute Order.)  She was given until May 12, 2025, to produce outstanding medical records and until May 13, 2025, to provide her damages calculations and all supporting records.  (*Id.*)  Taylor failed to comply with these deadlines.  (*Id.*) She put forth no justification for her failure to comply, and Honda would be prejudiced if forced defend against damages that she disclosed after the deadline.

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), Honda's Motion to Strike Plaintiff's Report About Financial Damages and to Bar Plaintiff's Future Lost Income Claim (Doc. 74) is granted in part.  The Court declines to order payment of Honda's reasonable expenses, including attorneys' fees, in bringing this motion under Fed. R. Civ. P. 37(b)(2)(C).

## III.    MOTIONS FOR SUMMARY JUDGMENT

### A.    Standard of Review

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."  FED. R. CIV. P. 56(a). "Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and affidavits show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  The moving party bears the burden of showing that no genuine issues of material fact exist."  *Williams v. Maurer*, 9 F.4th 416, 430 (6th Cir. 2021) (citations and quotations omitted).  A "material" fact is one that "might affect the outcome of the suit under the governing law[.]"  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  "[A] genuine dispute of material fact exists if the evidence is

such that a reasonable jury could return a verdict for the non-moving party." *Abu-Joudeh v. Schneider*, 954 F.3d 842, 849 (6th Cir. 2020) (citations and quotations omitted).

"Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." *Queen v. City of Bowling Green, Ky.*, 956 F.3d 893, 898 (6th Cir. 2020) (citations and quotations omitted). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co., Inc.*, 395 F.3d 338, 342 (6th Cir. 2005) (citation omitted). A party asserting or disputing a fact must cite evidence in the record or show the record establishes either the absence or the presence of a genuine dispute. *See* FED. R. CIV. P. 56(c), (e). Rule 56 further provides "[t]he court need consider only" the materials cited in the parties' briefs. FED. R. CIV. P. 56(c)(3); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) ("The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.") (citations omitted).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (citations and quotations omitted). The Court's role is not to make credibility determinations or "weigh" conflicting evidence. *Payne v. Novartis Pharms. Corp.*, 767 F.3d 526, 530 (6th Cir. 2014). "The ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Id.* This standard of review does not differ when reviewing cross-motions for summary judgment versus a motion filed by only one party."

*Hamilton Cnty. Educ. Ass'n v. Hamilton Cnty. Bd. of Educ.*, 822 F.3d 831, 835 (6th Cir. 2016) (citing *U.S. SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013)).

### B.    Taylor's Partial Motion for Summary Judgment

### 1.    Home Depot's Motion to Strike Taylor's Affidavit

On summary judgment "[t]he court need consider only the cited materials . . . ."  FED. R. CIV. P. 56(c)(3).  "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  FED. R. CIV. P. 56(c)(4).  "An affidavit that does not satisfy these requirements is subject to a motion to strike and will not be considered by the Court in ruling upon a motion for summary judgment."  *Giles v. Univ. of Toledo*, 241 F.R.D. 466, 469 (N.D. Ohio 2007) (citation omitted).  Self-serving affidavits without factual support in the record will not create an issue of material fact to defeat summary judgment.  *See Lanier v. Bryant*, 332 F.3d 999, 1004 (6th Cir. 2003); *Devine v. Jefferson Cnty., Ky.*, 186 F. Supp. 2d 742, 744 (W.D. Ky. 2001), *aff'd*, 40 F. App'x 924 (6th Cir. 2002).  "The purpose of summary judgment is . . . 'not to replace conclusory allegations of the complaint or answer with conclusory allegation [in] an affidavit,' verified complaint, or deposition."  *Reedy v. West*, 988 F.3d 907, 914 (6th Cir. 2021) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990)).

Home Depot moved to strike Taylor's affidavit.  (Doc. 81.)  The affidavit was attached to Taylor's motion for summary judgment.  (Doc. 65-1 at 523-35.)  Home Depot requested the affidavit be stricken because Taylor's motion did not refer to it, cite to it, or rely upon it.  (Doc. 81 at 1466, 1468; *see also* Doc. 85 at 1565-66.)  Alternatively, ¶¶ 22-25 of the affidavit should be stricken because "[t]hese averments do not set out facts that would be admissible in evidence,

do not show that the affiant is competent to testify on the maters stated, and are simply self-serving and conclusory assertions."  (*Id.* at 1466-67; *see also* Doc. 85 at 1565-66.)

Taylor maintained the affidavit was made under oath, is based on her personal knowledge, is "fact-based," and she is competent to testify to these facts.  (Doc. 84 at 1561.)  But Taylor points to no supporting facts in the record or relevant legal authority.  (*See id.*)  And she ignores the argument that her motion did not cite or rely on the affidavit.  (*Id.*)

Taylor's motion did not cite to or reference her affidavit.  (*See* Doc. 65.)  The Court is only required to consider the materials cited in the parties' briefs.  FED. R. CIV. P. 56(c)(3).  Even if she did cite it, Taylor's conclusory averments about Home Depot's inspection, maintenance, and repair procedures for augers, or how such procedures caused her injury, are not substantiated by facts in the record.  *See Lanier*, 332 F.3d at 1004; *Reedy*, 988 at 914.  She offered no basis for her personal knowledge of these matters or her ability to testify to them.  Taylor's affidavit did not comply with the requirements of Rule 56(c)(4) and the Court need not consider it.  *Giles*, 241 F.R.D. at 469.  Notwithstanding, Taylor's summary judgment motion is denied for the reasons stated below.  Accordingly, Home Depot's Motion to Strike (Doc. 81) is denied as moot.

> **2.      Taylor's Motion for Summary Judgment on Liability Against Home Depot**

"In order to establish an actionable claim of negligence, a plaintiff must show the existence of a duty, a breach of that duty, and an injury that was proximately caused by the breach . . . The failure to prove any one of these elements is fatal to a claim of negligence." *Rieger v. Giant Eagle, Inc.*, 138 N.E.3d 1121, 1125 (2019) (citations omitted).  "There must be evidence of causation before the plaintiff's negligence claim may be submitted to the jury."  *Id.* at 1126-27 (citations omitted).  "[N]egligence may not be presumed from the proof of the injury alone . . . To survive summary judgment, the plaintiff must establish a prima facie case of

negligence, i.e., duty, breach, and proximate cause of damage, that creates a genuine issue of material fact for trial." *Ohio Bell Tel. Co. v. Cleveland*, 242 N.E.3d 134, 139 (Ohio Ct. App. 2024) (citations omitted).

"[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997), *cert. denied*, 523 U.S. 1050, 118 S. Ct. 1370, 140 L. Ed. 2d 518 (1998) (citations and quotations omitted); *Gradisher v. City of Akron*, 794 F.3d 574, 586 (6th Cir. 2015) (same); *see also 155 S. Park LLC v. Auto-Owners Mut. Ins. Co.*, No. 23-cv-2412, 2025 U.S. Dist. LEXIS 217838, 2025 WL 3083728, at *29 (N.D. Ohio Nov. 5, 2025) (declining to consider insufficiently raised argument on summary judgment where defendant "fail[ed] to provide any citation to authority or meaningful discussion of this issue"); *Jones v. Dick's Sporting Goods, Inc.*, No. 24-cv-619, 2026 U.S. Dist. LEXIS 13636, 2026 WL 194107, at *9-10 (N.D. Ohio Jan. 26, 2026) (finding plaintiff did not establish defendant breached a duty of care to business invitee where she provided "no citation to authority or evidence to support" her arguments).

Taylor asserted she was injured when the "auger malfunctioned by its spinning out of control upon operation."  (*Id.* at 507.)  To her, Home Depot negligently failed to provide an operator's manual for the auger, negligently breached its safety obligations to its rental customers, and negligently maintained its rental equipment.  (*Id.* at 507-08.)

In opposition, Home Depot argued Taylor's motion did not establish the elements of a negligence claim and "is devoid of any citation to case law in support of her claims."  (Doc. 80 at

1416, 1422.)  Taylor is therefore not entitled to summary judgment, Home Depot urges.  (*Id.* at 1422.)  Taylor did not reply.

Under Rule 56, the movant must show there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *see also Williams*, 9 F.4th at 430.  Under Local Rule 7.1(c), the moving party must file her motion with a memorandum of the points and authorities on which it relies.  It is Taylor's burden to establish her claims against Home Depot.  She has not done so here.  Apart from general authority for the summary judgment standard, Taylor's opening brief did not cite any legal authority in support of her negligence claims.  (*See* Doc. 65 at 506-08.)  And Taylor failed to submit a reply brief.  Her perfunctory arguments do not establish she is entitled to judgment as a matter of law on her negligence claims.  *McPherson*, 125 F.3d at 995-96; *155 S. Park LLC*, 2025 WL 3083728, at *29; *Jones*, 2026 WL 194107, at *9-10.

Even if Taylor had properly developed her arguments, her negligence claims against Home Depot still fail.  In viewing the facts in the light most favorable to Home Depot, Taylor's motion did not establish: (1) in renting an auger to her mother, Home Depot had a duty to Taylor; (2) Home Depot breached that duty by either failing to provide Taylor with an operating manual or failing to maintain its rental equipment; and (3) how her injury was proximately caused by either alleged breach.  (*See* Doc. 65 at 505-08.)  Taylor has not established a *prima facie* case of negligence.  *See Rieger*, 138 N.E.3d at 1125-27; *Ohio Bell Tel. Co.*, 242 N.E.3d at 139.  Taylor's partial motion for summary judgment against Home Depot is denied.

### C.     Honda's Motion for Summary Judgment

Honda moved for summary judgment on Taylor's claims that it defectively manufactured the auger.  (Docs. 70, 70-1; *see also* Doc. 10 at ¶¶ 10, 15.)  Honda argued Taylor's common law

negligence claims are preempted by the Ohio Product Liability Act, and Taylor's product liability claims fail as a matter of law.  (*Id.* at 1181-82; Doc. 70-1 at 1187-96.)

Taylor responded in opposition.  (Doc. 82.)  To her, Honda was negligent for not providing her with an operator's manual when the auger was rented.  (*Id.* at 1473.)  Her injuries were due to an undisclosed risk, inadequate warnings about a foreseeable risk of harm, and inadequate instructions.  (*Id.* at 1478-79.)  By admitting to failing to provide the operating manual, Honda admitted liability under Ohio Rev. Code § 2307.76, Taylor urges.  (*Id.*)

In reply, Honda asserted Taylor's design defect and manufacturing defect claims are waived, Taylor cannot raise a failure to warn claim in opposition to summary judgment, and the failure to warn claim fails as a matter of law.  (*See* Doc. 86.)

### 1.     Common Law Negligence

The Ohio Products Liability Act "abrogate[s] all common law product liability claims or causes of action."  Ohio Rev. Code § 2307.71(B); *see also Wimbush v. Wyeth*, 619 F.3d 632, 639 (6th Cir. 2010).  Under the Act, a product liability claim includes any claim based on the design or production of a product, the warning or instruction associated with a product, or the failure of a product to conform to a representation or warranty.  Ohio Rev. Code § 2307.71(A)(13).  Courts routinely dismiss common law product liability claims brought under Ohio law.  *O.M. ex rel. McConnell v. KLS Martin LP*, 560 F. Supp. 3d 1084, 1092 (N.D. Ohio 2021) (citations omitted) (finding plaintiffs' negligence claim abrogated by Ohio Products Liability Act).

In Taylor's Amended Complaint, Honda was referenced as a defendant in her "First Cause of Action for Negligence."  (*See* Doc. 10 at ¶¶ 7-23.)  She specifically alleged "Defendant Honda Manufactured and sold the Honda auger to Defendants Home Depot with the Honda auger being in a defective condition."  (*Id.* at ¶ 10.)  She further alleged "Defendant Honda

defectively manufactured the Defendant Honda auger according to Taylor's complaint and Defendants Home Depot's defense." (*Id.* at ¶ 15.)

Honda argued Taylor's common law negligence claims are preempted by the Ohio Products Liability Act. (Doc. 70-1 at 1187-88.) Taylor did not respond to this argument. (*See* Doc. 82.) Here, to the extent Taylor asserted a claim against Honda for defectively manufacturing the auger at issue, this claim is governed by the Ohio Products Liability Act. Ohio Rev. Code § 2307.71(B) Any common law negligence claim is abrogated by the statute.

### 2. Manufacturing Defect

Taylor alleged Honda defectively manufactured the auger. (*See* Doc. 10 at ¶¶ 10, 15.) To establish a claim for a manufacturing defect, the plaintiff must establish by a preponderance of the evidence that: (1) the product is defective in manufacture or construction and (2) the defect was a proximate cause of the harm. Ohio Rev. Code § 2307.73(A). "A product is defective in manufacture or construction if, when it left the control of its manufacturer, it deviated in a material way from the design specifications, formula, or performance standards of the manufacturer, or from otherwise identical units manufactured to the same design specification, formula, or performance standards." Ohio Rev. Code § 2307.74.

"To succeed, a plaintiff must submit expert evidence that the product was defective in manufacture and the defect was the proximate cause of plaintiff's injury." *Yanovich v. Sulzer Orthopedics, Inc.*, No. 05-CV-2691, 2006 U.S. Dist. LEXIS 90332, 2006 WL 3716812, at *6 (N.D. Ohio Dec. 14, 2006), *aff'd sub nom.*, *Yanovich v. Zimmer Austin, Inc.*, 255 F. App'x 957 (6th Cir. 2007). "[T]he plaintiff must prove, by a preponderance of the evidence, that (1) a defect existed in the product manufactured and sold by the defendant; (2) the defect existed at the time the product left the hands of the defendant; and (3) the defect was the proximate cause of the plaintiff's injuries or loss." *McGrath v. Gen. Motors Corp.*, 26 F. App'x 506, 511 (6th Cir.

2002) (citing *State Farm Fire & Cas. Co. v. Chrysler Corp.*, 523 N.E.2d 489 (1988)). "This means the defect must be adequately identified. Where a plaintiff has no expert analysis or other evidence demonstrating that some aspect of the design was defective, the claim is dismissed." *Id.* (citations and quotations omitted).

A products liability plaintiff "must present expert testimony when 'the inquiry pertains to a highly technical question of science or art or to a particular professional or mechanical skill.'" *Adkins v. Yamaha Motor Corp., U.S.A.*, 17 N.E.3d 654, 661 (Ohio Ct. App. 2014) (citing *Jones v. Hawkes Hosp. of Mt. Carmel*, 196 N.E.2d 592 (1964)) (finding design of off-road recreational vehicle was not within common knowledge of a lay person); *see also Mohney v. USA Hockey, Inc.*, 300 F. Supp. 2d 556, 577 (N.D. Ohio 2004) (absent admissible expert testimony regarding the alleged defect and proximate cause, plaintiff was unable to establish products liability claim under Ohio law based on defect). Conversely, "when a products liability claim involves a simple device without complex features or designs, circumstantial evidence may be sufficient to establish that a defect existed." *Adkins*, 17 N.E.3d at 661 (citations and quotations omitted).

Honda argued Taylor's manufacturing defect claim fails because it is unsupported by expert testimony and there is insufficient evidence of a defect. (Doc. 70-1 at 1188-96.) Taylor's opposition made no mention of any manufacturing defect claim and did not respond to Honda's arguments regarding the same. (*See* Doc. 82.) To Honda, Taylor waived this claim by failing to respond in opposition to summary judgment. (Doc. 86 at 1577-78.)

Where a plaintiff asserts a claim in her complaint but fails to address those claims in response to a motion for summary judgment, the plaintiff has abandoned that claim. *See Nathan v. Great Lakes Water Auth.*, 992 F.3d 557, 564 n.1 (6th Cir. 2021) (plaintiff abandoned claims not discussed in opposition to motion for summary judgment); *Brown v. VHS of Mich., Inc.*, 545

F. App'x 368, 372 (6th Cir. 2013) (collecting cases) ("This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."); *see also Anglers of the Au Sable v. U.S. Forest Serv.*, 565 F. Supp. 2d 812, 839 (E.D. Mich. 2008) (collecting cases) ("It is well settled that abandonment may occur where a party asserts a claim in its complaint, but then fails to address the issue in response to an omnibus motion for summary judgment.")  By failing to address the manufacturing defect claim in response to Honda's summary judgment motion, Taylor abandoned this claim.

Even if the manufacturing defect claim was not abandoned, it still fails as a matter of law. An auger is not a simple device within the common knowledge of a layperson.  *Adkins*, 17 N.E.3d at 661; *Jones*, 196 N.E.2d 592; *Mohney*, 300 F. Supp. 2d at 577.  Taylor did not introduce any expert testimony or other evidence in support of her manufacturing defect claim. *Id.*  And she did not identify any facts which support a finding that the auger, or the Honda engine allegedly in the auger, was defective in its manufacture or construction and the defect was the proximate cause of her injuries.  *McGrath*, 26 F. App'x at 511.  Taylor has not identified any genuine issue of material fact regarding her manufacturing defect claim, and Honda is entitled to judgment as a matter of law.

### 3.  Failure to Warn

To prove a "failure to warn" claim under Ohio Rev. Code § 2307.76, a plaintiff must establish "(1) a duty to warn against reasonably foreseeable risks; (2) breach of this duty; and (3) an injury that is proximately caused by the breach."  *Graham v. Am. Cyanamid Co.*, 350 F.3d 496, 514 (6th Cir. 2003) (applying Ohio law).

"Under the component parts doctrine, a manufacturer of a component part is not liable for a defect in a completed product unless: (1) the component itself is defective or dangerous, or (2)

the component manufacturer constructs or assembles the completed product or substantially participated in the design of the final completed product." *Zager v. Johnson Controls, Inc.*, 18 N.E.3d 533, 540 (Ohio Ct. App. 2014) (citations omitted).  A component manufacturer's "duty to warn does not extend to the speculative anticipation of how manufactured components, not in and of themselves dangerous or defective, can become potentially dangerous dependent upon their integration into a unit designed and assembled by another." *Temple v. Wean United, Inc.*, 364 N.E.2d 267, 272 (1977); *id.* at 545.

In opposition to Honda's summary judgment motion, Taylor asserted a failure to warn products liability claim against Hona under Ohio Rev. Code § 2307.76.  (*See* Doc. 82 at 1478-79.)  To Taylor, Honda's auger caused her injuries due to an undisclosed risk, inadequate warnings about a foreseeable risk of harm, and inadequate instructions.  (*Id.* at 1479.)  In its reply, Honda argued Taylor may not raise a failure to warn claim for the first time in response to Honda's summary judgment motion.  (Doc. 86 at 1578-79.)

"A plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion." *Hoffman v. O'Malley*, 447 F. Supp. 3d 629, 636 (N.D. Ohio 2020) (citing *Tucker v. Union Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (holding plaintiff may not raise new legal claim in response to summary judgment)); *see also Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007) (a party may not "expand its claims to assert new theories" in response to a motion for summary judgment) This is because "[a] party is not entitled to wait until the discovery cutoff date has passed and a motion for summary judgment has been filed on the basis of claims asserted in the original complaint before introducing entirely different legal theories. . . ." *Yanovich*, 255 F. App'x at

970 (quoting *Priddy v. Edelman*, 883 F.2d 438, 446 (6th Cir. 1989)) (finding district court properly disregarded claims raised in opposition to summary judgment).

Taylor's Amended Complaint alleged Honda defectively manufactured the auger.  (*See* Doc. 10 at ¶¶ 10, 15.)  There were no failure to warn allegations against Honda.  (*See id.* at ¶¶ 7-23.)  The only failure to warn allegations were directed to Home Depot.  (*Id.* at ¶ 13c.)  Taylor cannot raise a failure to warn claim against Honda for the first time in opposition to Honda's summary judgment motion.  *Hoffman*, 447 F. Supp. 3d at 636; *Tucker*, 407 F.3d at 788; *Bridgeport Music, Inc.*, 508 F.3d at 400; *Yanovich*, 255 F. App'x at 970; *Priddy*, 883 F.2d at 446.  Honda is entitled to judgment as a matter of law.

Even if Taylor could state a failure to warn claim against Honda, the claim still fails.  Honda distributed an engine that was allegedly incorporated into the auger.  Honda asserted it "did not design, test, manufacture, distribute, rent[,] or sell the [ ] auger." (Doc. 70-1 at 1195 (citing Doc. 70-3 at No. 23).)  Honda, through a network of distributors, distributed an engine to a manufacturer, believed to be General Equipment Co., that integrated the engine into the auger. (*Id.* at 1195-96 (citing Doc. 70-4 at No. 2; Doc. 70-5 at No. 23).)[4]  Taylor has not put forth any evidence that the Honda engine component was defective or that Honda assembled the completed auger.  *Zager*, 18 N.E.3d at 540.  She also cites no legal authority to support her contention that Honda's alleged failure to provide her with an operator's manual for the auger constitutes an admission of liability under § 2307.76.  (*See* Doc. 82 at 1478-79.)  Honda did not have a duty to warn based on how the component engine could be potentially dangerous when

---

[4] Taylor asserted, without any legal authority, that Honda cannot rely on responses and objections to interrogatories.  (*See* Doc. 82 at 1475-76.)  Pursuant to Federal Rule of Civil Procedure 56(c)(1)(A), a party may rely on its "interrogatory answers" to support its factual assertions on summary judgment.

integrated into the auger that was assembled by another.  *Temple*, 364 N.E.2d at 272; *Zager*, 18 N.E.3d at 545.  Taylor's failure to warn claim fails as a matter of law.

### 4. Honda's Motion to Strike Reply Brief

Pursuant to the Court's Initial Standing Order, "[n]o sur-replies will be permitted absent advance leave of Court."  (Doc. 5 at 33.)  And under the Court's Case Management Order, "[n]o sur-reply brief may be filed without leave from the Court."  (Doc. 15 at 115.)

On July 3, 2025, without requesting leave to do so, Taylor submitted a sur-reply to Honda's summary judgment reply brief.  (Doc. 88.)  On July 8, 2025, Honda moved to strike Taylor's sur-reply brief.  (Doc. 89.)  On July 11, 2025, after Honda's motion to strike, Taylor moved for leave of Court to file her sur-reply brief.  (Doc. 90.)  In response, Honda asserted Taylor's motion must be denied because she filed her sur-reply without advance leave of Court and in contravention of this Court's orders  (Doc. 91 at 1693-94.)  The Court agrees.

Taylor filed her sur-reply brief without first seeking the necessary leave to do so.  Her motion for leave, filed eight days later and only after Honda's motion to strike, comes too late.  (*See* Doc. 5 at 33; Doc. 15 at 115.)  And Taylor's motion lacks any justification for not seeking advance leave in accordance with this Court's orders.  Taylor's Motion for Leave of Court to File Her Sur-Reply Brief (Doc. 90) is denied.  The Court will not consider Taylor's sur-reply brief.  (Doc. 88.)  Accordingly, Honda's Motion to Strike Plaintiff's Sur-Reply Brief (Doc. 89) is denied as moot.

### D. Home Depot's Motion for Summary Judgment

Home Depot moved for summary judgment on all of Taylor's claims.  (Doc. 71.)  Home Depot argued Taylor's negligence claim fails as a matter of law; to the extent her claims sound in product liability, those claims also fail; she cannot assert a claim under the Ohio Consumer Sales

Practices Act; she has no evidence to support her spoliation claim; and she cannot maintain her claim for lost wages without expert testimony.  (*Id.* at 1293-1304.)

In response, Taylor asserted Home Depot negligently failed to provide adequate warnings and adequate instructions for the auger in violation of § 2307.76 of the Ohio Products Liability Act.  (Doc. 83 at 1553-56.)  By admitting to failing to provide the operating manual, Honda admitted liability, Taylor urges.  (*Id.* at 1556-57.)  Taylor further asserted Home Depot is liable for spoliation of evidence and she can maintain her lost wages claim.  (*Id.* at 1557-58.)

In reply, Home Depot argued Taylor failed to establish her negligence claim; she cannot assert a new products liability claim; she abandoned her Ohio Consumer Sales Practices Act claim; she failed to state a claim for spoliation; and she failed to establish her lost wages claim. (Doc. 87 at 1662-67.)

### 1.  Common Law Negligence

"In order to establish an actionable claim of negligence, a plaintiff must show the existence of a duty, a breach of that duty, and an injury that was proximately caused by the breach . . . The failure to prove any one of these elements is fatal to a claim of negligence." *Rieger*, 138 N.E.3d at 1125 (citations omitted).  "There must be evidence of causation before the plaintiff's negligence claim may be submitted to the jury." *Id.* at 1126-27 (citations omitted). "[T]he plaintiff must establish a prima facie case of negligence, i.e., duty, breach, and proximate cause of damage, that creates a genuine issue of material fact for trial." *Ohio Bell Tel. Co.*, 242 N.E.3d at 139.

To Taylor, "Home Depot negligently rented out a malfunctioning Honda auger" to her. (Doc. 83 at 1554.)  But in making this assertion, Taylor's motion did not cite to any evidence in the record or cite to any relevant legal authority.  (*See* Doc. 83.)  She has not established the *prima facie* elements of her negligence claim or met her burden to demonstrate a triable issue of

material fact.  *See Rieger*, 138 N.E.3d at 1125-27; *Ohio Bell Tel. Co.*, 242 N.E.3d at 139; FED. R. CIV. P. 56(c), (e).

Additionally, Taylor's response to Home Depot's summary judgment motion states she is pursuing a products liability failure to warn claim against Home Depot under Ohio Rev. Code § 2307.76.  (*See* Doc. 83 at 1554-57.)  As discussed above, the Ohio Products Liability Act abrogates her common law negligence claim.  *See* Ohio Rev. Code § 2307.71(B); *Wimbush*, 619 F.3d at 639; *O.M. ex rel. McConnell*, 560 F. Supp. 3d at 1092.

### 2.    Failure to Warn

"To prove a 'failure to warn' claim, a plaintiff must establish '(1) a duty to warn against reasonably foreseeable risks; (2) breach of this duty; and (3) an injury that is proximately caused by the breach.'"  *Broyles v. Kasper Mach. Co.*, 517 F. App'x 345, 349 (6th Cir. 2013) (citing *Graham*, 350 F.3d at 514).  Under Ohio Rev. Code § 2307.76, "a products liability claim may arise under a theory of inadequate warning or instruction if 'at the time of marketing, [ ] when [the product] left the control of its manufacturer,' or 'at a relevant time after it left the control of its manufacturer,' there was a duty to warn and a breach of that duty."  *Id.* (quoting Ohio Rev. § 2307.76(A)(1) and (2)).  Under Ohio Rev. Code § 2307.78(A), a supplier may be held liable under the theory of negligent failure to warn even though it did not manufacture the product. "[T]o establish that a supplier was negligent for failure to warn about the dangers of a product, a plaintiff must present evidence that the supplier knew or should have known in the exercise of ordinary care, of the risk of the hazard to which it failed to warn."  *Makoski v. Zimmer Holdings, Inc.*, 538 F. Supp. 3d 757, 763 (N.D. Ohio 2021) (citations and quotations omitted).

In response to Home Depot's summary judgment motion, Taylor clarified she is pursuing a failure to warn claim under the Ohio Products Liability Act.  (Doc. 83 at 1554-57.)  In support of her claim, she asserted she testified that Home Depot did not provide her with any verbal or

written instructions for using the auger, any warnings about the auger, or with an operating manual.  (Doc. 83 at 1556.)  To Taylor, the malfunctioning auger caused her injuries "due to an undisclosed risk, due to inadequate warnings about a foreseeable risk of harm, and due to inadequate instructions by Defendant Home Depot."  (*Id.*)  She further asserted Home Depot's failure to provide an operating manual constitutes a violation of § 2307.76, to which Home Depot admitted.  (*Id.* at 1556-57.)

In reply, Home Depot asserted Taylor's Amended Complaint did not allege a violation under the Act, and she cannot do so for the first time in opposition to summary judgment.  (Doc. 87 at 1663-64.)  To Home Depot, Taylor's claim is unsupported by the evidence required under Rule 56.  (*Id.*)

Home Depot is correct that Taylor cannot state a failure to warn claim for the first time in opposition to summary judgment.  *Hoffman*, 447 F. Supp. 3d at 636; *Tucker*, 407 F.3d at 788; *Bridgeport Music, Inc.*, 508 F.3d at 400; *Yanovich*, 255 F. App'x at 970; *Priddy*, 883 F.2d at 446. But Taylor's Amended Complaint did allege Home Depot "negligently fail[ed] to warn [Taylor] properly and adequately about the broken and dangerous condition" of the rental auger.  (Doc. 10 at ¶ 13c.)  Notwithstanding, Taylor's failure to warn claim still fails as a matter of law.

Even when viewing the facts in the light most favorable to Taylor, she has not presented sufficient evidence to avoid summary judgment on the failure to warn claim.  Despite her assertions she was not provided with any warnings or an operating manual by Home Depot, Taylor testified she was given paperwork upon renting the auger.  (Doc. 67-1 at 889-93; *see also* Doc. 65-1 at 510.)  The paperwork directed her to a website "[t]o learn how to safely operate your rental equipment."  (*Id.*)  Taylor did not visit the website before using the auger.  (Doc. 67-1 at 889-93.)  The paperwork included a packet with operation instructions, which Taylor reviewed

prior to using the auger.  (*Id.*; Doc. 65-1 at 512.)  No portion of the auger appeared broken upon renting it and Taylor admitted she had no evidence the auger was broken or defective when she left Home Depot.  (Doc. 67-1 at 898-99, 923-24.)  Taylor further admitted kick-back was a known risk and she was aware of the dangers if the auger was not properly used.  (*Id.* at 996-98.)

Taylor's assertion that the failure to provide an operating manual constitutes an admission of liability under § 2307.76 is unsupported by any relevant legal authority.  (*See* Doc. 83.)  And her conclusion that her injuries were due to an undisclosed risk, inadequate warnings about a foreseeable risk, and inadequate instructions by Home Depot are likewise unsupported by legal authority or any record evidence.  (*See id.* at 1556.)  Taylor did not specify how the operating instructions she did receive from Home Depot were inadequate.  (*Id.*)  She did not provide any factual support to establish the lack of adequate instructions proximately caused her injuries.  (*Id.*)  And it is not even clear what Home Depot failed to warn her of given her admission that she was aware of the risk of kick-back and the dangers of not properly using the auger.  *See Freas v. Prater Constr. Corp., Inc.*, 573 N.E.2d 27, 31 (1991) (no failure to warn claim where warnings were adequate and the record indicated operator knew of the relevant dangers).  Ultimately, Taylor failed to provide sufficient evidence to support her failure to warn claim against Home Depot.  *See Makoski*, 538 F. Supp. 3d at 762-63 (no supplier liability for failure to warn where plaintiffs provided no evidence to support their claim).

### 3.    Consumer Sales Practices Act

"Under Ohio law . . . the Consumer Sales Practices Act specifically excludes claims for personal injury." *Makoski*, 538 F. Supp. 3d at 763 (citing Ohio Rev. Code § 1345.12(C)). "Where, as here, the actionable conduct alleged primarily involves a physical injury allegedly due to a product, the Ohio Product Liability Act preempts claims under the Consumer Sales Practices Act." *Id.* (citation omitted).

To Home Depot, Taylor cannot bring a claim against the Ohio Consumer Sales Practices Act because her mother rented the auger, so Taylor is not a consumer under the statute. (*See* Doc. 71 at 1296-97 (citing Ohio Rev. Code § 1345.01).) Taylor's opposition did not address her claim under the Ohio Consumer Sales Practices Act. (*See* Doc. 83.) To Home Depot, Taylor abandoned this claim by failing to respond in opposition to summary judgment. (Doc. 87 at 1664.)

Because Taylor failed to address the Ohio Consumer Sales Practices Act claim in response to Home Depot's summary judgment motion, she has abandoned this claim. *Nathan*, 992 F.3d at 564 n.1; *Brown*, 545 F. App'x at 372; *see also Anglers of the Au Sable*, 565 F. Supp. 2d at 839. Even if claim was not abandoned, Taylor has not put forth authority establishing she can assert a claim under the statute and she has not met her burden to demonstrate a triable issue of material fact. *See* FED. R. CIV. P. 56(c), (e).

### 4. Spoliation

Taylor brings a cause of action for spoliation. (*See* Doc. 10 at ¶¶ 33-38.) The elements for a spoliation claim under Ohio law are: "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts." *Smith v. Howard Johnson Co., Inc.*, 615 N.E.2d 1037, 1038 (1993).

Home Depot argued Taylor's claim fails because she lacks evidence to support any of these elements, including willful destruction of evidence. (Doc. 71 at 1298-1302.) In response, Taylor maintained she is not required to demonstrate willful destruction of evidence under Ohio law. (Doc. 83 at 1557-58 (citing *Ross v. Home Depot USA Inc.*, No. 12-cv-743, 2014 U.S. Dist. LEXIS 84291, 2014 WL 2805094 (S.D. Ohio June 20, 2014)).) To Taylor, she only needed to

show Home Depot negligently failed to preserve the auger. (*Id.*) In reply, Home Depot asserted the *Ross* case is inapplicable because it deals with a plaintiff in federal court asserting spoliation in the context of a discovery sanction, not an independent cause of action under Ohio law. (*See* Doc. 87 at 1664-66.) The Court agrees.

To the extent she intends to move for spoliation sanctions under federal law, her request is untimely. (*See* 2/6/2025 Non-Document Order; 6/6/2025 Non-Document Order.) To the extent Taylor intends to maintain a separate cause of action for spoliation under Ohio law, her claim fails. Her opposition cites to inapplicable legal authority and she fails to cite to any record evidence. (*See* Doc. 83 at 1557-58.) Taylor has not established the applicable elements for a spoliation claim and she has not met her burden on summary judgment.

### 5. Lost Wages

Under Ohio law, "[a] plaintiff claiming lost earning capacity must offer sufficient proof of (1) future impairment and (2) the extent of prospective damages flowing from the impairment." *Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 726 (6th Cir. 2012) (citations and quotations omitted).

Taylor alleged "[s]he has sustained a continuing loss of income" because of her injuries. (Doc. 10 at ¶ 20.) Home Depot argued Taylor's claim fails because she lacks expert medical testimony to establish her capacity to work, and she lacks expert testimony required to prove the value of future lost wages. (Doc. 71 at 1302-03.) In response, Taylor argued her own testimony confirms she is unable to work, and she references her payroll records and medical records. (Doc. 83 at 1558.)

As discussed above, Taylor's untimely submission of financial damages, including any computation of future lost earnings or future earning capacity, will not be considered for purposes of evaluating the parties' dispositive motions. Even if Taylor could rely on that

evidence, her claim still fails.  Her summary judgment opposition did not cite to any record evidence or any legal authority.  (*See* Doc. 83 at 1558.)  Taylor has not met her burden on summary judgment to establish her claim for lost wages.

## IV.     CONCLUSION

For the reasons stated herein, Taylor's Motion for Summary Judgment (Doc. 65) is DENIED.  Honda's Motion for Summary Judgment (Doc. 70) and Home Depot's Motion for Summary Judgment (Doc. 71) are GRANTED.  Honda's Motion to Strike Plaintiff's Report About Financial Damages and to Bar Plaintiff's Future Lost Income Claim (Doc. 74) is GRANTED in part.  Taylor's Request for a Ten-Day Extension of Time to Comply with the Court's Recent Order (Doc. 75) is DENIED.  Home Depot's Motion to Strike Plaintiff's Affidavit (Doc. 81) is DENIED as moot.  Honda's Motion to Strike Plaintiff's Sur-Reply Brief (Doc. 89) is DENIED as moot, and Taylor's Motion for Leave of Court to File Her Sur-Reply Brief (Doc. 90) is DENIED.

**IT IS SO ORDERED.**

**Date:**  March 11, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE